IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARTIN ARNOLDINI,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:08-CV-305 TS<br><br>Criminal Case No. 2:04-CR-226 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, the Court will deny the

Motion.

## I.  BACKGROUND

On April 14, 2004, Petitioner was charged, by way of a Felony Information, with one

count of conspiracy to commit an offense against or to defraud the United States in violation of

18 U.S.C. § 371.  On that same day, Petitioner pleaded guilty to that count.  As part of his plea

agreement, Petitioner stipulated that he "participated in a conspiracy to promote and sell a

fraudulent trust scheme designed to evade federal income taxes, defeat the lawful functioning of

the Internal Revenue Service, and fraudulently obtain money or property from United States citizens by use of the mails and wires."[1]  Additionally, Petitioner admitted, in his Statement in Advance of Plea[2] and at his plea hearing to "causing a total tax loss of $3,600,000 to the United states and loss to customers of approximately $1,300,000."[3]

In addition, Petitioner's plea agreement contained the following language:

> (1) I fully understand my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, U.S.C. Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the court.
>
> (2) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, U.S.C. Section 2255.[4]

The Court conducted a plea colloquy pursuant to Rule 11.

During the plea colloquy at [Petitioner's] plea hearing[], the district court thoroughly and comprehensively questioned [Petitioner] about his guilty plea and waivers. [Petitioner] confirmed he 1) had read the plea agreement, discussed it with counsel, and signed it voluntarily and of his own free will; and 2) understood the offense for which he was charged, the maximum sentence and other possible sentencing ramifications related to the offense, and the rights he was giving up by pleading guilty, including his right to appeal his sentence as indicated in the waiver of appeal provision.[5]

---

[1] *United States v. Arnoldini*, 252 Fed.Appx. 922, 923 (10th Cir. 2007).

[2] Docket No. 7 in Case No. 2:04-CR-226 TS.

[3] *Arnoldini*, 252 Fed.Appx. at 923.

[4] Docket No. 7 at ¶ 13 in Case No. 2:04-CR-226 TS.

[5] *Arnoldini*, 252 Fed.Appx. at 923.  *See also* Docket No. 53 in Case No. 2:04-CR-226 TS.

The Court engaged in the following exchange at the change of plea hearing:

THE COURT:          By virtue of the fact that you signed it that you admit
                    caused a total tax loss to the United States of approximately
                    $3,600,000, is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT:          And that you contributed to the loss to customers of
                    approximately $1,300,000, is that also correct?

THE DEFENDANT: That's also correct.[6]

The matter then came before the Court on September 18, 2006, for sentencing.[7]  At that

hearing, Petitioner's counsel argued that the government did not have sufficient evidence to

support the claim that Petitioner had caused the $3,600,000 tax loss figure stipulated to in the

plea agreement.  Noting that counsel's argument raised the possibility that Petitioner had

perjured himself, the Court "postponed the sentencing hearing, leaving [Petitioner] to make a

decision as to whether [he] desired to withdraw [his] guilty plea[] and go to trial, and asking the

government whether removal of the three-level reduction for acceptance of responsibility would

be warranted if [Petitioner] continued to contradict the tax loss amount to which [he] pled

guilty."[8]

Petitioner did not withdraw his guilty plea and came before the Court for sentencing on

November 2, 2006.[9]  At that hearing, the Petitioner "continued to contest the tax amount

admitted to in [his] plea statement[] and to argue the government bore the burden of establishing

---

[6]Docket No. 53 at 18:8-14 in Case No. 2:04-CR-226 TS.

[7]Docket No. 55 in Case No. 2:04-CR-226 TS.

[8]*Arnoldini*, 252 Fed.Appx. at 923.

[9]Docket No. 56 in Case No. 2:04-CR-226 TS.

3

the amount with evidence, despite [his] admission[].["][10]  As a result, the Court removed

Petitioner's reduction for acceptance of responsibility.[11]  The Court found Petitioner's total

offense level to be 26, with a criminal history category of I.[12]  The guideline range indicated 63

to 78 months, but the offense carried a 60-month statutory maximum.[13]    After considering the

factors under 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 53 months of incarceration.[14]

Petitioner filed a direct appeal.[15]  The Tenth Circuit Court of Appeals dismissed that

appeal.[16]  There, the court declined to address Petitioner's claims of ineffective assistance of

counsel, "leaving the issue of ineffective assistance of counsel for the district court's resolution

should [Petitioner] pursue the same claim under 28 U.S.C. § 2255."[17]

Petitioner timely filed the instant Motion.  In his Motion, Petitioner makes the following

claims:

> (1) Counsel did not advise defendant that tax loss amount would determine
> Guidelines range calculation and led defendant to believe the amount of tax loss
> must be later substantiated by government prior to sentencing, thus rendering
> defendant's waiver unknowing;

---

[10]*Arnoldini*, 252 Fed.Appx. at 923.

[11]*Id*. at 923-24.

[12]Docket No. 56 at 11:13-15 in Case No. 2:04-CR-226 TS.

[13]*Id*. at 11:15-17.

[14]*Id*. at 21:7-25:3.

[15]*Arnoldini*, 252 Fed.Appx. at 922.

[16]*Id*. at 926.

[17]*Id*.

4

(2) Counsel failed to negotiate the plea agreement and, unbeknown to defendant, Counsel did not see the evidence prior to advising defendant to accept the plea. This is stated by Counsel at the 9/18/06 and at the 11/2/06 sentencing hearings;

(3) Counsel failed to request an evidentiary hearing at any time prior to, or during, the thirty month period between the entry of the plea and sentencing, stating he thought he would receive evidence of the tax loss at sentencing; [and]

(4) Counsel argued inapplicable case law and theory, including that he did not negotiate the plea agreement and that he had never seen any evidence of the tax loss, disturbing the Court to the extent that the Court withdrew the 3 level downward departure for acceptance of responsibility from defendant.[18]

## II.  ANALYSIS

A.    APPEAL WAIVER

As stated, Petitioner, in his plea agreement, waived both his direct and collateral appeal rights.  "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[19]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[20]

*1.    Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is

---

[18]Docket No. 1 in Case 2:08-CV-305 TS.

[19]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[20]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, U.S.C. Section 2255."[21]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[22] Petitioner makes four ineffective assistance of counsel claims. Only Petitioner's first and second claims challenge the validity of his plea or the waiver. Therefore, the exception stated in *Cockerham* only applies to those two claims. Petitioner's remaining claims are within the scope of the waiver.

2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[23] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[24] and (2) whether there was

---

[21]Docket No. 7 at ¶ 13 in Case No. 2:04-CR-226 TS.

[22]*Cockerham*, 237 F.3d at 1187.

[23]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[24]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

"an adequate Federal Rule of Criminal Procedure 11 colloquy."[25]  Further, the Supreme Court

has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware

if the defendant fully understands the nature of the right and how it would likely apply *in general*

in the circumstances – even though the defendant may now know the *specific detailed*

consequences of invoking it."[26]

First, the Court finds that the language of the plea agreement at issue here expressly states

that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal

waiver states that "I fully understand my right to appeal my sentence . . . I knowingly,

voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the

manner in which the sentence is determined" and further that "I also knowingly, voluntarily and

expressly waive my right to challenge my sentence, and the manner in which the sentence is

determined, in any collateral review motion, writ or other procedure, including but not limited to

a motion brought under Title 28, U.S.C. Section 2255."[27]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on

the record between the Court and Petitioner.  The Court notes that Petitioner bears the "burden to

present evidence from the record establishing that he did not understand the waiver."[28]  The

Court finds that the Court conducted an adequate Rule 11 colloquy.[29]  As the Tenth Circuit noted

---

[25]*Id*. (internal citations omitted).

[26]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[27]Docket No. 7 at ¶ 13 in Case No. 2:04-CR-226 TS.

[28]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[29]Docket No. 53 in Case No. 2:04-CR-226 TS.

on direct appeal, the Court "thoroughly and comprehensively questioned [Petitioner] about his guilty plea and waiver[]."[30]  Petitioner "explicitly confirmed he 1) had read the plea agreement, discussed it with counsel, and signed it voluntarily and of his own free will; and 2) understood the offense for which he was charged, the maximum sentence and other possible sentencing ramifications related to the offense, and the rights he was giving up by pleading guilty, including his right to appeal his sentence as indicated in the waiver of appeal provision."[31]

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . .  I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer.  My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made, and I am not now under the influence of drugs, medication or intoxicants.  I have no mental reservations concerning the plea."[32]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

---

[30]*Arnoldini*, 252 Fed.Appx. at 923.

[31]*Id*.

[32]Docket No. 7 in Case No. 2:04-CR-226 TS.

8

3.      *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[33]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[34]

Petitioner bears the burden of establishing a miscarriage of justice.[35]

First, there is no evidence that the Court relied upon an impermissible factor. Second, Petitioner's first and second ineffective assistance of counsel claims allege ineffective assistance in connection with the waiver and will be addressed below. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal, with the exception of Petitioner's first and second ineffective assistance claims, is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

---

[33]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

[34]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[35]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

As noted, Petitioner brings four ineffective assistance claims.  The first and second claims relate to Petitioner's plea and waiver.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[36]

To successfully claim ineffective assistance then, Petitioner must show two things.  First, he must show that Counsel functioned deficiently.[37]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[38]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[39]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[40]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[41]

---

[36]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[37]*Strickland*, 466 U.S. at 687.

[38]*Id*.

[39]*Id*.

[40]*Id*.

[41]*Id*.

10

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[42]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[43]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[44]

Petitioner's first and second ineffective assistance claims allege that his counsel was ineffective at the plea stage.  In particular, Petitioner claims the following:

> (1) Counsel did not advise defendant that tax loss amount would determine Guidelines range calculation and led defendant to believe the amount of tax loss must be later substantiated by government prior to sentencing, thus rendering defendant's waiver unknowing;
>
> (2) Counsel failed to negotiate the plea agreement and, unbeknown to defendant, Counsel did not see the evidence prior to advising defendant to accept the plea. This is stated by Counsel at the 9/18/06 and at the 11/2/06 sentencing hearings[.][45]

To prevail on an ineffective assistance of counsel claim in the plea context, the movant must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[46]  Conclusory allegations of ineffective assistance of counsel are

---

[42]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[43]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[44]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[45]Docket No. 1 in Case 2:08-CV-305 TS.

[46]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

11

insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowingly and voluntary.[47]

Here, Petitioner is unable to show prejudice.  As stated, in order to prevail on his claim, Petitioner must show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Petitioner's ineffective assistance claims stem from his counsel's misunderstanding of who had the burden of proving the tax loss amount.  As discussed above, Petitioner, in his Statement in Advance of Plea and at the plea hearing, agreed to the tax loss amount.  Despite this admission, Petitioner's counsel continued to insist that the government had to prove that amount.  The Court disagreed.  The Court gave Petitioner the option of withdrawing his guilty plea.[48]  Petitioner did not withdraw his plea and chose to proceed with sentencing.[49]

Because Petitioner was informed that the loss amount agreed to in the plea agreement would be considered in determining the appropriate Guideline range, was given the opportunity to withdraw his plea, and rejected that opportunity, the Court cannot find that Petitioner has shown prejudice.  Therefore, Petitioner's claims must fail.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:08-CV-305 TS) is DENIED for the reasons set forth above.  It is further

---

[47]*Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

[48]Docket No. 55 at 6:23-24 in Case No. 2:04-CR-226 TS; *id*. at 8:3-9.

[49]Docket No. 5, at 3:16-19 in Case No. 2:04-CR-226 TS.

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:08-CV-305 TS forthwith.

SO ORDERED.

DATED   April 23, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge